# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                           )
                                 )   Case No. 310-12006
RONALD D. RUNYEON and            )   Judge Paine
LINDA SUE SIMMONS,               )   Chapter 11
                                 )
    Debtors.                     )

## MEMORANDUM

    Ronald Runyeon and Linda Simmons seek to confirm their July 12, 2011 Amended Chapter 11 Plan over the objections of Regions Mortgage, Inc. ("Regions") and BAC Home Loans Servicing LP ("BAC"). The debtors have shown by a preponderance of the evidence that all applicable provisions of title 11 have been met, and their plan is not likely to be followed by the need for further reorganization. The objections raised by BAC and Regions relate to the debtors' valuation of these creditors respective collateral. For the reasons given in this Memorandum, the court finds the plan must be modified to reflect valuations as found herein.

    BAC is the first lien holder on real property located at 3723 Meadowbrook Nashville, TN. The creditor argues that the plan unfairly discriminates, is not fair and equitable, and must offer an equivalent of not less than the amount the claimant would receive or retain if the debtor were liquidated in chapter 7. The debtors intend to pay $260,000.00 (based on an appraisal obtained by the debtors) when BAC contends the value of the property is $310,000.00 (based on the bank's appraisal).

Mr. Runyeon, who has been in the real estate business for twenty five years, testified that he agreed with the $260,000.00 appraisal, and that he was aware the bank's appraisal was $310,000.00. The court heard only that the bank supported the higher figure and the debtor the lower. The debtor bears the burden of proof, and the debtors' unrebutted proof was that the $260,000.00 is fair and equitable and passes muster on the best interest of creditor's test as proposed. The court will overrule BAC's objection to confirmation.

Regions Bank is the first lien holder on property located at 1116 Dogcreek Road in Kingston Spring, TN. Prior to the May 2010 flooding, this was the debtors' primary residence. As a result of the flood, the entire first floor and the parts of the second floor were destroyed, and the home remains in the flood zone. Mr. Runyeon testified that he believes the current value of the house is between $50,000.00 and $60,000.00, and the rebuilt value of this house is about $100,000.00. Regions objects to the $100,000.00 valuation because the debtors owe Regions more than $198,000.00, and the debtors' insurance company offered the debtors $147,000.00 in insurance proceeds. Mr. Runyeon testified that he and Mrs. Simmons did not accept the insurance check because they think the insurance should be closer to $200,000.00. Mr. Runyeon explained that he believed even if they were able to get $200,000.00 from the insurance company and use it to rebuild the house, the house will never be worth more than $100,000.00 because of its location in the flood zone. Mr. Runyeon and Mrs. Simmons have not decided if they will rebuild, move back in, or possibly rent the house.

Regions objects that the $100,000.00 valuation is too low, and that the debtors will be unjustly enriched by insurance proceeds over that amount while discharging almost $100,000.00 in debt on Regions claim. The court agrees. In order to confirm their plan, therefore, the debtors must amend the plan within fourteen (14) days of entry of this

decision, to reflect a valuation equal to the amount of any insurance check received by the debtors, but no less than the $147,000.00 already offered.

If the debtors' amended plan reflects the adjusted valuation, then counsel for the debtors may contemporaneously submit an order for the court's signature confirming the plan as to all creditors.  If the debtors fail to submit the amendments within the time prescribed, then counsel for Regions may submit an order denying confirmation after the fourteenth day following entry of this Memorandum.